# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: 1:20-CR-00441 |
| Plaintiff, | |
| ~ vs ~ | JUDGE JAMES S. GWIN |
| BLESSING ADELEKE, | **DEFENDANT'S AMENDED TRIAL BRIEF, EXHIBIT LIST, AND WITNESS LIST** |
| Defendant. | |

Now comes the Defendant, **BLESSING ADELEKE**, by and through the undersigned counsel, and respectfully submits the attached amended trial brief, to include an additional stipulation that was not included in the original brief.

                                              Respectfully submitted,

                                              /s/ *Michael J. Goldberg*
                                              Michael J. Goldberg (0040839)
                                              The Goldberg Law Firm, LLC
                                              323 Lakeside Avenue, Suite 450
                                              Cleveland, OH 44113
                                              Tel: 216-696-4514
                                              Fax: 216-781-6242
                                              goldberg@goldberg-lawfirm.com
                                              *Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2022, a true and correct copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Michael J. Goldberg*
Michael J. Goldberg (0040839)
*Attorney for Defendant*

# TRIAL BRIEF

1. Defendant has entered pleas of not guilty to all counts of the indictment. The Defendant is presumed not guilty until proof is adduced beyond a reasonable doubt as to each element of the offenses charged.

2. The Government and Defendant have stipulated that Key Bank is a federally insured financial institution headquartered in the Northern District of Ohio. The parties have also stipulated to the authenticity of documents received in response to subpoenas issued by the Government to various internet service providers and/or platforms including Facebook, Yahoo, and Comcast.

3. Defendant and the Government have submitted joint proposed jury instructions in this matter.

4. The length of the trial in this matter will be determined by the number of witnesses called by the Government and will probably take no more than 2 full days of testimony.

5. Defendant anticipates evidentiary issues will arise at the trial in this matter and has filed the appropriate briefs regarding those issues.

# MEMORANDUM

## I. Statement of the Case

On August 13, 2020, Defendant, Blessing Adeleke, was named in a 17-count indictment charging him with Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. § 1349 and Bank Fraud in violation of 18 U.S.C. § 1344. On July 1, 2022, Mr. Adeleke appeared before the Court for arraignment and entered pleas of not guilty to all seventeen counts of the indictment. The evidence adduced at trial will demonstrate that Mr. Adeleke did not knowingly violate any of the statutes for which he has been indicted. This matter is scheduled to proceed to jury trial on October 11, 2022.

## II. Legal Issues

### a. Elements of the Charged Offenses

Defendant is charged with one count of Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. § 1349 and sixteen counts of Bank Fraud in violation of 18 U.S.C. § 1344. Conviction for Bank Fraud requires proof (1) that the defendant knowingly executed or attempted to execute a scheme to defraud a financial institution; (2) that the defendant did so with the intent to defraud; and (3) that the financial institution was insured by the FDIC. *United States v. Everett*, 270 F.3d 986, 989 (6th Cir. 2001). Conviction for Conspiracy requires proof that "two or more persons conspired, or agreed, to commit the crime . . . and that the defendant knowingly and voluntarily joined the conspiracy.*" United States v. Rogers*, 769 F.3d 372, 377 (6th Cir. 2014).

### b. Evidentiary Issues

#### i. Expert Testimony of Agent Monica Hantz

The Government has provided counsel for Defendant with notice that it will offer opinion testimony of Agent Monica Hantz. The Government states in its notice that it will offer Agent Hantz as an expert in "common practices in the illicit sale of information." Defendant submits that Agent Hantz's testimony will not satisfy the requirements of FRE 702 and should be excluded. The reasons and legal authority for this position are set forth more fully in a Motion in Limine filed with the Court. Defendant has also requested a *Daubert* hearing to challenge Agent Hantz's qualifications as an expert.

#### ii. Statements of Alleged Coconspirators

Defendant also anticipates that the Government will offer into evidence out-of-court statements by alleged coconspirators of Mr. Adeleke. Some of these statements were made to law enforcement and were testimonial in nature. Admission of these statements would violate Mr. Adeleke's right to confrontation under the 6th Amendment. Any other

nontestimonial statements of Mr. Adeleke's alleged coconspirators would constitute inadmissible hearsay and would not be admissible under FRE 801(d)(2)(E). Defendant has filed a motion in limine challenging the admission of these statements.

### III. Defendant's Exhibit and Witness List

Defendant reserves the right to use any of the exhibits or call any witnesses listed by the Government in its exhibit list and witness list. Defendant reserves the right to supplement this list prior to or during trial, as necessary.

Respectfully submitted,

/s/ *Michael J. Goldberg*
Michael J. Goldberg (0040839)
*Attorney for Defendant*