IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:20CR441 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | |
| BLESSING ADELEKE, | ) | <u>GOVERNMENT'S RESPONSE IN</u> |
| | ) | <u>OPPOSITION TO DEFENDANT'S</u> |
| Defendant. | ) | <u>MOTION IN LIMINE (ECF NO. 56)</u> |

Now comes the United States of America, by and through First Assistant United States Attorney, Michelle M. Baeppler, and Assistant United States Attorneys Daniel J. Riedl and Brian S. Deckert, and hereby files this Response in Opposition to Defendant's Motion in Limine to Exclude Expert Testimony and Request for a *Daubert* Hearing (Doc. 56: Motion in Limine, PageID 399 - 402).

A. **ARGUMENT**

On October 6, 2022, the Government provided notice to counsel for Defendant of its intent to present evidence pursuant to Federal Rule of Evidence 16(a)(1)(G). Specifically, the Government noticed that Special Agent Monica Hantz of the FBI "will testify concerning common practices used in the illicit sale of information including Personal Identifiable Information (PII) including user credentials and banking information. She will define terms such as carding, carder, drops, fullz and dumps. Special Agent Hantz will also describe certain details of email and social media accounts including related accounts, recovery accounts and accounts linked by cookie or phone number." See Exhibit 1: Notice. The Government also included the CV of Special Agent Hantz, which included her education, background, and relevant work experience.

Defendant seeks to exclude Agent Hantz's testimony, summarily questioning her qualifications, an arguing her testimony is inadmissible. Doc. 56: Motion in Limine, PageID 402. In his motion, Defendant claims that the Agent's proposed testimony is not "a real, meaningful field of expertise." *Id.*, PageID 401.

Contrary to Defendant's contentions, courts frequently qualify law enforcement officers as expert witnesses under Federal Rule of Evidence 702 to interpret evidence relating to criminal activities, e.g., drug conspiracies and the related criminal jargon. *United States v. Kilpatrick*, 798 F.3d 365, 379 (6th Cir. 2015); *United States v. Harris*, 192 F.3d 580, 588-89 (6th Cir. 1999); *United States v. Ham*, 628 F.3d 801, 805-06 (6th Cir. 2011); *United States v. Young*, 745 F.2d 733, 740 (2d Cir. 1984). "Courts have overwhelmingly found police officers' expert testimony admissible where it will aid the jury's understanding of an area … not within the experience of the average juror." *United States v. Thomas*, 74 F.3d 676, 682 (6th Cir. 1996); *see also United States v. Lopez-Medina*, 461 F.3d 724, 742 (6th Cir. 2006); *United States v. Bender*, 265 F.3d 464, 471–72 (6th Cir. 2001).

The Sixth Circuit has "regularly allow[ed] qualified law enforcement personnel to testify on characteristics of criminal activity, as long as appropriate cautionary instructions are given, since knowledge of such activity is generally beyond the understanding of the average layman." *United States v. Swafford*, 385 F.3d 1026, 1030 (6th Cir. 2004). This type of testimony has not been limited to just drug trafficking investigations, but various fraud-related investigations. *See United States v. Winkle,* 477 F.3d 407, 417 (6th Cir. 2007) (expert witness properly testified that the commission of certain acts constituted a crime in a check kiting scheme); *United States v. Monus,* 128 F.3d 376, 386 (6th Cir. 1997) (holding that expert testimony of IRS agent regarding tax liability did not usurp the function of the jury as agent did not give her opinion about the guilt

of the defendant). *United States v. Dimora*, 843 F. Supp. 2d 799, 856 (N.D. Ohio 2012) (IRS Agent allowed to provide expert testimony that bribes constitute taxable income.)

Further, it is common practice within this district, and elsewhere, for law enforcement witnesses to testify as a fact and opinion witness. Recently, the Sixth Circuit upheld a verdict, from this district, where a special agent for the Food and Drug Administration's criminal enforcement division testified not only to the steps he took in his investigation, but also opinion testimony about the drug trade. *United States v. Meadows*, 2020 WL 4558647, -- Fed. Appx. – (6th Cir., August 7, 2020). The Court specifically found that this testimony "was helpful to the jury in understanding the drug trafficking evidence presented." *Id*. at *3.

Later, in its discussion of the dual roles of the agent's testimony, the Court stated:

> Although a law enforcement officer may function as both an expert and fact witness, the better practice in these circumstances is for the government and district court to clearly distinguish the dual roles of the witness in order to avoid juror confusion…. In addition, expert testimony about drug trafficking is ordinarily presented after the introduction of all the evidence.

*Id.* at *4. This is precisely what the Government seeks to do in the instant case. The clear demarcation between Agent Hantz's fact testimony and later opinion testimony, and the role of each portion, would avoid juror confusion eliminate Defendant's assertions of "unmerited credibility." Furthermore, two distinct portions of testimony would allow this Court to provide a cautionary instruction, such as Sixth Circuit Pattern Criminal Instructions, 2019 Edition, Section 7.03A, prior to the opinion testimony. It bears noting that there is a pattern instruction for this very situation, because it is a commonly accepted practice.

Accordingly, the Government requests this Honorable Court deny Defendant's Motion in Limine and allow Agent Hantz to provide testimony which will assist the trier of fact with activity beyond the understanding of the average layman.

Respectfully submitted,

Michelle M. Baeppler
First Assistant United States Attorney


/s/ Brian S. Deckert
Brian S. Deckert (OH: 0071220)
Daniel J. Riedl (OH: 0076798)
Assistant United States Attorneys
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3783/3669
(216) 522-8355 (facsimile)
Brian.Deckert@usdoj.gov
Daniel.Riedl@usdoj.gov