IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:20CR441 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | |
| BLESSING ADELEKE, | ) | <u>GOVERNMENT'S RESPONSE IN</u> |
| | ) | <u>OPPOSITION TO DEFENDANT'S</u> |
| Defendant. | ) | <u>MOTION IN LIMINE TO EXCLUDE</u> |
| | ) | <u>STATEMENTS OF COCONSPIRATORS</u> |
| | ) | <u>(ECF NO. 59)</u> |

Now comes the United States of America, by and through First Assistant United States Attorney, Michelle M. Baeppler, and Assistant United States Attorneys Daniel J. Riedl and Brian S. Deckert, and hereby files this Response in Opposition to Defendant's Motion in Limine to Exclude Statements of Coconspirators (R.59: Motion in Limine, PageID 408-12).

## INTRODUCTION

On August 13, 2020, a grand jury in the Northern District of Ohio charged Defendant and Kylie Ann Harlow with engaging in a multi-year criminal conspiracy to defraud unsuspecting victims and their financial institutions located in the United States. (R.1: Indictment, PageID 1-19). The indictment noted that the crimes were committed by Defendant, Harlow and "others known and unknown to the Grand Jury." (*Id.*, PageID 4). The indictment details some of these coconspirators as follows:

1. Co-Conspirator 1 (CC1) was an individual residing in Glendale, West Virginia.
2. Co-Conspirator 2 (CC2) was an individual residing in the Netherlands.
3. Co-Conspirator 3 (CC3) was an individual known to the Grand Jury.
4. Co-Conspirator 4, 5, 6, 7, 8, 9, 10, and 11 (CC4, CC5, CC, CC7, CC8, CC9, CC10, CC11) were droppers working in conjunction with ADELEKE and HARLOW.

(*Id.*, PageID 3).

The indictment further includes some of the conversations between Defendant and his coconspirators. For example, the indictment includes the following exchange between Defendant and co-conspirator Harlow:

| ADELEKE | i just card 6 itunes 25 gift card with the 200 walmart gc i had |
| HARLOW | Sorry was on the phone |
| HARLOW | They said the order was cancelled so they cancelled the gc |
| ADELEKE | how come mine was not cancelled? |
| ADELEKE | and why is it only mine that was cancelled? |
| HARLOW | No no, the 330 one or whatever |
| HARLOW | Idk. Maybe the cc owner called? Idk bae all I did was call and ask |
| ADELEKE | this is first time this kind of thing happening to me since i have been into carding for long |
| ADELEKE | but it's cool |
| HARLOW | I had to pretend I was that girl, emy or something. They asked if I wanted to make another order and I said no |
| HARLOW | Give me an email to send those gcs |

(*Id.*, PageID 13).

These "statements" do not constitute hearsay, among other things, because they (1) they are not assertions; (2) they are not offered for their truth, and are not capable of being true or false; (3) they are offered against an opposing party in an individual or representative capacity and are thus admissions or adopted admissions; and (4) in some instances, there is no "declarant." To the extent, however, that any of these "statements" could be considered to be hearsay, each would also all be a statement in furtherance of the conspiracy. Thus, in an abundance of caution, the government hereby provides notice of its intent to admit such statements pursuant to Federal Rule of Evidence 801(d)(2)(E).

## DISCUSSION

To admit statements under FRE 801(d)(2)(E), a trial court must find (1) the conspiracy existed, (2) the defendant was a member of the conspiracy; and (3) the co-conspirator made the

statements in furtherance of the conspiracy. The district court may admit statements subject to later demonstration of the admissibility. *United States v. Young*, 847 F.3d 328 (6th Cir. 2017).

In this case, because Defendant is charged with participating in a criminal conspiracy, a grand jury has already found probable cause to believe a criminal conspiracy took place and that Defendant participated in the conspiracy with others.

In the instant case, the government will prove that Defendant was part of the charged conspiracy. The evidence at trial will demonstrate that Defendant knew of the criminal activity, agreed to participate in the fraudulent online schemes, and all knowingly took actions with the intent to achieve the goals of the conspiracy, namely to make money via fraudulent bank transfers, the sale of personally identifying information (PII), the fraudulent use of credit cards, and other schemes. The government will establish that Defendant was a member of the conspiracy, among other things, through (a) digital evidence obtained via court orders from electronic service providers; (b) financial records (c) victim testimony; and (d) testimony from witnesses with direct knowledge of the criminal conspiracy and of Defendant's role in the conspiracy.

Many of the statements the government will introduce— to the extent they are statements at all—are admissible pursuant to FRE 801(d)(2)(E) because they were (a) made prior to arrest, and during the conspiracy, (b) they were made in furtherance of conspiracy, and (c) they were made with the intent to promote the conspiracy's objectives. Those statements have already been provided to defense counsel. The government also anticipates offering the

testimony of one or more witnesses who communicated directly with Defendant during the pendency of the conspiracy regarding the criminal acts Defendant was undertaking.

Respectfully submitted,

Michelle M. Baeppler
First Assistant United States Attorney


/s/ Brian S. Deckert
Brian S. Deckert (OH: 0071220)
Daniel J. Riedl (OH: 0076798)
Assistant United States Attorneys
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3783/3669
(216) 522-8355 (facsimile)
Brian.Deckert@usdoj.gov
Daniel.Riedl@usdoj.gov